## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | No. 02-7436 |
| ASTHMA DISEASE MANAGEMENT, INC., : | |
| GEORGE H. YOUNG, RICHARD A. MANINI, : | |
| RICHARD B. ANDERSON, and COLLEEN ERIN : | |
| KELLY BISHOP, : | |
| Defendants. : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                      **MAY 11, 2012**

Presently before the Court is a Petition to Withdraw as Counsel for Defendants, Asthma Disease Management, Inc. ("ADMI"), George H. Young, Richard A. Manini, Richard B. Anderson, and Colleen Erin Kelly Bishop (collectively, "ADMI") filed by the law firm of Klehr, Harrison, Harvey & Branzburg, LLP, and Michael K. Coran, Esquire ("Coran") (collectively, "Klehr Harrison"). For the reasons stated below, we will grant the Petition.

## I.    BACKGROUND

Plaintiff, the Securities and Exchange Commission ("SEC"), filed this action against ADMI and the individual Defendants on September 24, 2002. On November 2, 2002, Klehr Harrison answered the Complaint on behalf of ADMI. On May 22, 2003, the late Judge Charles Weiner dismissed this action without prejudice. (Doc. No. 15). Judge Weiner further ordered that this action was to "remain in status quo and the Statute of Limitations is tolled." (Id.) The docket indicates that no action by any party was taken in this matter from March 29, 2004, until

January 13, 2012, when this case was reassigned to me.  (Id. at 19.)  Coren filed the  instant

Petition to Withdraw on behalf of himself and Klehr Harrison on March 29, 2012.  The SEC filed

a Response in Opposition on April 16, 2012.  Klehr Harrison filed a Response in support of its

Motion on April 20, 2012, and the SEC filed a Sur-Reply on April 25, 2012.

## II.    STANDARD OF REVIEW

Local Rule of Civil Procedure 5.1(c) provides that "[a]n attorney's appearance may not be

withdrawn except by leave of the court, unless another attorney of this court shall at the same

time enter an appearance for the same party."  Local Rule 5.1.

As a general rule, a corporation may appear in federal court only through representation

of licensed counsel.  Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993).

Despite this general rule, the United States Court of Appeals for the Third Circuit has held that

there are other factors for a court to consider that may permit counsel to withdraw from

representation of a corporation.  Buschmeier v. G & G Investments, Inc., 222 Fed. Appx. 160,

163-64 (3d Cir. 2007).  "[A] law firm can withdraw from representing a corporation even before

the corporation retains new counsel when the withdrawing firm 'serves no meaningful purpose.'"

Id. (citing Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676 (3d Cir. 1986)).  "'Meaningful purpose'

has broad implications, including the District Court's substantial interest in the administration of

justice, in the efficient management of its schedule and docket, and the need to insure progress,

not just in this case, but in all cases assigned to it."  Id. at 163.  It is the Petitioner's burden to

show that the withdrawing firm "serves no meaningful purpose."  Ohntrup, 802 F.2d at 680.

Whether a firm "serves no meaningful purpose" can be determined by weighing three factors: (1)

the burden imposed on the potentially withdrawing counsel if the status quo is maintained; (2)

the stage of the proceeding; and (3) the prejudice to all parties.  <u>Buschmeier</u>, 222 Fed. Appx. 163-64.

## III.    DISCUSSION

The SEC argues that Klehr Harrison has not satisfied the <u>Ohntrup</u> standard that its appearance "serves no meaningful purpose, particularly insofar as an opposing interest is concerned."  802 F.2d at 680.  The SEC asserts that if Klehr Harrison is permitted to withdraw, neither the Court nor the SEC would be able to "effectively communicate with ADMI to determine its current status, conduct discovery, or determine whether it is possible to settle or otherwise resolve the claims against ADMI."  (Pl.'s Resp. Mot. Withdraw at 2-3.)  The SEC further argues that, as counsel of record, "Klehr Harrison has an obligation to investigate the current status of ADMI and advise the Court and the Commission of that status and the questions that arise out of that status, such as whether ADMI continues to exist and who owns and controls the Company."  (<u>Id.</u> at 3.)  The SEC maintains that "[a]t a minimum, [Klehr Harrison] must explain the current status of its client, explain how that came to be, identify who owns and controls the company, and answer all the related questions necessary for the Commission staff and the Court to evaluate whether counsel's appearance continues to serve a meaningful purpose and what effect withdrawal would have on the litigation."  (<u>Id.</u> at 4.)  We, however, disagree and find that Klehr Harrison has established that its continued representation serves "no meaningful purpose" in this action.

Coren states in an Affidavit that the Klehr Harrison attorney assigned to handle ADMI's representation back in 2002 was David Zalesne, Esq., who left the firm in April 2004.  (Coran

Aff. ¶¶ 2, 6.)  Coran states that since this case was inactive, he opted to monitor it in the event

any subsequent activity took place, and he entered his appearance of record so as to receive any

ECF notifications.  (Id. ¶7.)  Coren states that he has never represented ADMI in this matter or

any other matter and has never had contact with ADMI or any of its current or former principles.

(Id.   ¶ 8.)  He states further that when the SEC contacted him on November 30, 2011, and

indicated that it was considering reopening the case, he told the SEC that Klehr Harrison has had

no attorney-client relationship with ADMI for many years and needed to withdraw if the case was

reopened.  (Id. ¶¶ 9-10.)  Coren also asserts in his Affidavit that Klehr Harrison has been, and

continues to be, adverse to ADMI and its former principles because it commenced collection

efforts against ADMI and its principles in 2007.  (Id. ¶¶ 12-13, 18.)  Klehr Harrison subsequently

entered into two settlement agreements with the principles of ADMI for payment of attorney fees

which were both defaulted on forcing Klehr Harrison to commence suit against them in the

Philadelphia Court of Common Pleas, and eventually confess judgment against them in 2012.

(Id. ¶¶ 13-16.)

Coren added that ADMI, itself, was not added to the suit because Klehr Harrison believed

that ADMI was no longer an operating business.  (Id. ¶ 13.)  Coren further states in his Affidavit

that "to the best of Klehr Harrison's knowledge after reasonable investigation, ADMI is no

longer an operating corporation, and has not conducted business for many years.  A search of

state corporation records reveals no record of an active business and the yellow pages' directory

reveals no listing for the Company.  (Id. ¶¶ 17-18.)

In considering whether Klehr Harrison's representation of ADMI no longer serves a

"meaningful purpose," we are of the opinion that the factors listed in Buschmeier weigh in favor

4

of Klehr Harrison.  See Buschmeier, 222 Fed. Appx. at 163-64.  Regarding the first factor, "the burden imposed on the potentially withdrawing counsel if the status quo is maintained," we find that Klehr Harrison would be unreasonably burdened by not granting its Motion to Withdraw.  As outlined in Coren's Affidavit, Klehr Harrison conducted an investigation into whether ADMI is currently operating as a business.  After what we consider to be a reasonable inquiry, Klehr Harrison determined that ADMI is currently not in business.  We agree with Klehr Harrison that, at this time,  it would have no client to take direction from, no person or entity to take discovery for or obtain discovery responses from, and have no party responsible to pay or capable of paying for its services.  In addition, we find it significant that this action has laid dormant for almost eight years, and that Klehr Harrison now has adverse interests against the individual Defendants in that they have sued them for unpaid attorney fees.

Next, regarding the second Buschmeier factor, "stage of the litigation," we find that this factor also weighs in favor of permitting Klehr Harrison to withdraw.  Id.  Although this action is technically many years old, in reality it is actually only in the early stages of litigation after the eight-year suspension, and has not moved past the pleading stage with no discovery having been conducted.

Lastly, regarding the third factor of  "prejudice to all parties," we find that this factor also weighs in favor of Klehr Harrison.  We do not believe that the SEC will be prejudiced by the granting of Klehr Harrison's Motion to Withdraw as ADMI's counsel.  As noted, this case laid inactive for many years.  The SEC certainly had enough time and opportunity to ascertain the status of ADMI through means other than Klehr Harrison's research or investigation.  In addition, the SEC knows the identity of at least several of ADMI's past directors and officers and

has the ability to find out more information about ADMI through these means.  Accordingly, we grant Klehr Harrison's Motion to Withdrawal as counsel for ADMI and the individual Defendants.

An appropriate Order follows.